UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STEPHEN ABELL, et al.                                               PLAINTIFFS

v.                                      CIVIL ACTION NO. 3:13-CV-869-CRS

SKY BRIDGE RESOURCES, LLC                            DEFENDANT

<u>Memorandum Opinion</u>

      I.      <u>Introduction</u>

Thirteen former employees (the "Plaintiffs") filed this suit against their former employer, Sky Bridge Resources, LLC ("Sky Bridge"). The core of the Plaintiffs' argument is that Sky Bridge underpaid them for time spent travelling on Sky Bridge's behalf. The Plaintiffs allege the following claims: breach of contract, violation of the Fair Labor Standards Act, and breach of the Kentucky Wages and Hours Act. 3rd Am. Compl. 1, ECF No. 54.

The Plaintiffs move for partial summary judgment on the issue of liability. Pls.' Mot. Summ. J. 1, ECF No. 70. Sky Bridge moves for summary judgment on the Plaintiffs' remaining claims. Def.'s Mot. Summ. J. 1, ECF No. 69.

The Court will deny the Plaintiffs' motion for partial summary judgment. The Court will grant summary judgment to Sky Bridge on the Plaintiffs' remaining claims.

      II.      <u>Summary judgment standard</u>

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists when "there is sufficient

evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* The Court must draw all factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Even when the parties file cross-motions, summary judgment is not necessarily appropriate. *Parks v. LaFace Records*, 329 F.3d 437, 444 – 45 (6th Cir. 2003). The Court views each motion on its own merits and views all facts and inferences in the light most favorable to the nonmoving party. *Appoloni v. United States*, 450 F.3d 185, 189 (6th Cir. 2006).

   III.  Undisputed facts

Sky Bridge is an Information Technology recruiting firm. Sky Bridge contracted with Kindred Healthcare to provide IT services at Kindred's facilities across the country. Sky Bridge employees would fly across the country to provide IT services for Kindred. Generally, a Sky Bridge employee would fly out of Louisville on Monday morning, work at a Kindred facility during the week, and fly home on Friday evening.

Before beginning work, or shortly after beginning work, the Plaintiffs signed employment agreements with Sky Bridge. The employment agreements say,

> 3. **Compensation** – In consideration of your services, SKYBRIDGE agrees to pay you at the following rate of **$XX.00** for *hours worked* (as reflected on approved and verified time records) effective on the day you report to work at the Client and ending on the day of termination, or discharge of employment, regardless of cause or reason for discharge or termination. Except as specifically set forth in this Agreement or any properly executed Addendum to this Agreement, you acknowledge and agree that you are not entitled to any other compensation or benefits (including, but not limited to, vacation, holidays or personal leave) from SKYBRIDGE.

Emp'mt Agr'mt 2, ECF No. 69-17 (bold and underline in original; italicization added). The rates of pay varied from $18.00 per hour to $22.00 per hour. The employment agreements did not contain any provisions regarding an employee's rate of pay for hours travelled.

The Plaintiffs began working for Sky Bridge. At some point shortly after their hiring, the Plaintiffs learned of Sky Bridge's compensation policy regarding hours travelled (the "hours travelled policy"). Under the hours travelled policy, Sky Bridge employees would be compensated for hours travelled at half the rate they received for hours worked.

Sky Bridge instructed its employees to fill out the hours travelled section of their time sheets based on the time they spent "wheels up to wheels down" on an airplane. Sky Bridge provided time sheets to the Plaintiffs in which they put in "hours worked" and "hours travelled," and the Plaintiffs filled out the time sheets each week. *See, e.g.*, Time Sheet, ECF No. 69-18. Between 2009 and 2012, Sky Bridge employed the Plaintiffs at various times and for various durations.

IV. Procedural history

The Plaintiffs argue that Sky Bridge breached their employment agreements because Sky Bridge did not pay "their full wage for those hours described as travel time." Pls.' Mem. Supp. Part. Summ. J. 3, ECF No. 70-1. They allege Sky Bridge violated the Kentucky Wages and Hours Act by not including the hours they spent travelling in calculating their overtime eligibility. *Id.* at 5.

Senior U.S. District Judge John G. Heyburn previously dismissed the Plaintiffs' Fair Labor Standards Act claims related to travel time outside the Plaintiffs' regular working hours. Am. Order, ECF No. 40. After that order, the magistrate judge granted the Plaintiffs leave to file a Third Amended Complaint. Order, ECF No. 53.[1]

---

[1] The Plaintiffs' memorandum in support of the motion for summary judgment focuses on the Second Amended Complaint as the operative pleading. *See, e.g.*, Pls.' Mem. Supp. Mot. Summ. J. 2.

3

The Plaintiffs concede that Judge Heyburn's previous order restricts their Fair Labor Standards Act claims to "compensation at their contractual rate for those hours spent travelling away from home 'during normal working hours.'" Pls.' Mem. Supp. Mot Summ. J. 4. The Plaintiffs have not presented any evidence that Sky Bridge did not pay them for hours travelled away from home during normal working hours. After the Court's previous order, the Plaintiffs' remaining claims include breach of contract and alleged violations of the Kentucky Wages and Hours Act. The Court will address each in turn.

V. The Plaintiffs' breach of contract claims

The Plaintiffs argue that Sky Bridge breached their employment agreements by paying them one rate for "hours worked" and half that rate for "hours travelled." Pls.' Mem. Supp. Mot. Summ. J. 2 – 3. The Plaintiffs have not argued that either the Fair Labor Standards Act or the Kentucky Wages and Hours Act require an employer to pay an employee the same rate for every hour worked. The Plaintiffs' argument boils down to this: they should have been paid the same rate for every hour they worked and travelled, and Sky Bridge breached the employment agreement when it did not pay them the same rate. *See, e.g.*, Blades Dep. 15, ECF No. 69-5.

When a contract is silent on a vital matter, the court construing the contract must consider the "surrounding circumstances and the conduct of the participants indicating their interpretation." *Dennis v. Watson*, 264 S.W.2d 858, 860 (Ky. 1953); *accord*, *Cinelli v. Ward*, 997 S.W.2d 474, 478 (Ky. Ct. App. 1998); *see also*, *Jones v. Linkes*, 267 S.W.2d 936, 937 (Ky. 1954). Here, the employment agreements are silent as to the "hours travelled" rate and did not otherwise say that Sky Bridge would pay a lower rate for "hours travelled" than "hours worked."

The Court considers the surrounding circumstances and the conduct of the Plaintiffs and Sky Bridge. With the exception of Chad Spaulding, all of the Plaintiffs learned of the hours

4

travelled policy within a week of starting work. Each week, they filled out time sheets which differentiated "hours worked" from "hours travelled," and they received paychecks which reflected the different rates of pay. All of the Plaintiffs continued to work and travel for Sky Bridge long after learning of the hours travelled policy. These actions indicate their assent to Sky Bridge's hours travelled policy.

Sky Bridge initially paid Spaulding at the hours worked rate for his hours travelled, but after about four paychecks, Sky Bridge informed him of the error. *See* Spaulding Dep. 15 – 17. From then on, Spaulding earned the hours travelled rate, not the hours worked rate, for hours travelled. *See id.* at 15. Spaulding initially protested the change, but continued working at Sky Bridge. *Id.*

The surrounding circumstances and conduct of Sky Bridge and the Plaintiffs indicate that Sky Bridge and the Plaintiffs interpreted their arrangement as providing an hours travelled rate at half the rate as hours worked. Although the contract is silent as to the hours travelled policy, the Plaintiffs assented to these terms when they continued working at the half-rate for hours travelled. They also repeatedly filled out time sheets to this effect.

> The Plaintiffs argue,
>
> Sky Bridge also required its employees to promptly execute time sheets keeping [track] of the 'wheels up to wheels down' time spent in its employment—an unnecessary step if Sky Bridge intended not to pay the employees for this time. The Court will note that Plaintiffs actually have a claim for all travel time – including time spent travelling to and waiting in airports but because no accurate records were kept of such time Plaintiffs are unable to prove their claims for those hours.

Pls.' Mem. Supp. Mot. Summ. J. 3. The Plaintiffs have presented no evidence that Sky Bridge did not intend to pay them for hours travelled. The Plaintiffs admit that they were paid for their hours travelled, just not at their preferred hours worked rate. *See* Pls.' Mem. Supp. Mot. Summ. J. 3.

5

The Court finds that the surrounding circumstances and the parties' conduct indicate their agreement to a half-rate for hours travelled. The Plaintiffs admit that Sky Bridge paid them the half-rate. *See* Pls.' Resp. Opp. Mot. Summ. J. 3. Therefore, as a matter of law, Sky Bridge cannot be liable for breach of contract for compensating the Plaintiffs at half-rate for hours travelled.

The Court will grant summary judgment to Sky Bridge on the Plaintiffs' breach of contract claim.

VI. The Plaintiffs' Kentucky Wages and Hours Act claims

The Kentucky Wages and Hours Act (the "Act") provides,

> No employer shall employ any of his employees for a work week longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1 – ½) times the hourly wage rate at which he is employed.

Ky. Rev. Stat. § 337.285(1). The Act provides for liability against an employer who breaches the Act. *Id.* § 337.385(1). The Act further provides that "Any agreement between such employee and employer to work for less than the applicable wage rate shall be no defense to such action." *Id.* § 337.385(2).

The Kentucky Court of Appeals has noted that the Act "contains nearly identical language" as the Fair Labor Standards Act, and Kentucky courts interpret the Act consistent with federal law. *Starr v. Louisville Graphite, Inc.*, 2016 WL 1612940 (Ky. Ct. App. Apr. 22, 2016)*; see also*, *In re Amazon.com, Inc.*, 2016 WL 1268296 (W.D. Ky. Mar. 31, 2016) ("Even though Kentucky has its own wage and hour law, the state statute closely mirrors the FLSA."). The state regulations promulgated under the Act provide,

> Travel away from home. Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties.

6

803 KAR 1:065(7)(4). The state regulations track the language of the federal regulations, although the federal regulations provide more detail.[2]

The Plaintiffs argue that although courts have interpreted the Fair Labor Standards Act to "preclude claims for travel time outside of regular working hours," the Act allows an employee to recover for travel time away from home which cuts across the employee's workday. Pls.' Mem. Supp. Mot. Summ. J. 6. The Plaintiffs have pointed to no case in which a court has ruled that although the Fair Labor Standards Act precludes claims for travel time outside of regular working hours, the Kentucky statute provides for claims for travel time outside of regular working hours. Nor have the Plaintiffs provided a compelling reason for the Court to interpret travel time under the Act opposite to Judge Heyburn's previous ruling regarding travel time under the Fair Labor Standards Act.

Consistent with Judge Heyburn's previous ruling and the fact that Kentucky courts construe the state law consistent with the federal law, the Court construes the Act as precluding claims for travel time outside of regular working hours. The Plaintiffs' claims under the Act for travel time outside of regular working hours fail as a matter of law.

---

[2] *Compare*,
Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days. Thus, if an employee regularly works from 9 am. to 5 pm. from Monday through Friday the travel time during these hours is worktime on Saturday and Sunday as well as on the other days. Regular meal period time is not counted. As an enforcement policy the Divisions will not consider as worktime that time spent in travel away from home outside of regular working hours as a passenger on an airplane, train, boat, bus, or automobile.

29 C.F.R. § 785.39.

The Court will grant summary judgment to Sky Bridge on the Plaintiffs' claims under the Act.

VII.    Conclusion

The Court will grant summary judgment to Sky Bridge on the Plaintiffs' claims for breach of contract and violations of the Kentucky Wages and Hours Act. The Court will deny the Plaintiffs' partial motion for summary judgment. The Court will dismiss the Plaintiffs' claims, with prejudice.

May 25, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

8